Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@lfjpc.com*
Ashley H. Cruz (Cal. State Bar No. 306235)
*ashley@lfjpc.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021

*Attorneys for* Defendant

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL CHAHINI, an individual; on behalf of himself and all others similarly situated, and ROES 1 through 100, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>HAZE TOBACCO, LLC, a Texas Corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No.: **'16CV1922 LAB RBB**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

**TO THE CLERK OF THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446 Defendant Haze Tobacco, LLC ("Defendant") hereby removes this action from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California.

The Court has original subject matter jurisdiction because the parties are completely diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a). Moreover, the Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. In support of the removal of this action, Defendant alleges as follows:

## I.    BACKGROUND & ALLEGATIONS

1.    On or about July 31, 2015, Plaintiff Michel Chahini ("Plaintiff") filed a Class Action Complaint for: (1) Violation of the Consumers Legal Remedies Act, Civil Code §1750, et seq.; (2) Violation of the Unfair Competition Law, Business & Professions Code §17200, *et seq.,* entitled "*MICHEL CHAHINI, an individual; on behalf of himself and all others similarly situated, and ROES 1 through 100, inclusive, Plaintiffs, vs. HAZE TOBACCO, LLC, a Texas Corporation; and DOES 1 through 100, inclusive*," in the Superior Court of California, Count of San Diego, Case No. 37-2015-00025590-CU-BT-CTL (hereinafter, the "Complaint.") A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Edwin Aiwazian ("Aiwazian Decl.").

2.    On or about September 14, 2015, Plaintiff filed his First Amended Complaint (hereinafter, the "FAC.") A true and correct copy of the FAC is attached as **Exhibit D** to the Aiwazian Decl.

///

///

1

**DEFENDANT'S NOTICE OF REMOVAL**

3. On or about May 3, 2016, Plaintiff filed his Second Amended Complaint (hereinafter, the "SAC.")  A true and correct copy of the SAC is attached as **Exhibit DD** to the Aiwazian Decl.

4. On May 31, 2016, Defendant filed a demurrer to the SAC and a motion to strike portions of the SAC.  The aforementioned challenges to Plaintiff's SAC are currently pending and scheduled to be heard in the Superior Court of California, County of San Diego on December 16, 2016 at 9:00 a.m.

5. Plaintiff filed his Complaint, FAC, and SAC as a putative class action pursuant to California Code of Civil Procedure § 382.  Plaintiff, a consumer of tobacco products, seeks to represent the following putative class:

> All California Citizens who purchased, for consumption, Haze's flavored tobacco products since July 27, 2011.  (Aiwazian Decl., Exhibit DD, ¶ 22.)

6. Plaintiff alleges that Defendant has engaged in "deceitful misrepresentations and omissions regarding the amount of Nicotine in its flavored tobacco, and . . . that its products were made in the United States." (Aiwazian Decl., Exhibit DD, ¶ 1.)

7. This lawsuit is a civil action within the meaning of Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. §§ 1453.

## II. PROCEEDINGS IN STATE COURT

8. Attached as Exhibits A through QQ to the accompanying Declaration of Edwin Aiwazian are all pleadings in the Superior Court's record that have been served on Defendant, filed by Defendant, or retrieved from the Court's records prior to the filing of this Notice of Removal.

## III. TIMELINESS OF REMOVAL

9. The removal statute provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order** or **other paper** from which it may first be

ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3)(emphases added).

10. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of the Honorable Eddie C. Sturgeon's[1] order denying Defendant's Motion to Disqualify Nicholas & Tomasevic LLP. A true and correct copy of the July 8, 2016 Minute Order denying Defendant's disqualification motion is attached as **Exhibit PP** to the Aiwazian Decl.

11. Defendant filed the Motion to Disqualify Nicholas & Tomasevic LLP on the ground that Plaintiff was solicited in violation of California Rule of Professional Conduct 1-400. (*See* Aiwazian Decl., ¶ 30, Exh. CC.) Accordingly, the filing of Plaintiff's Complaint, FAC, and SAC was improper from inception.

12. However, as Defendant's Motion to Disqualify Nicholas & Tomasevic LLP was denied on July 8, 2016, it is now ascertainable that this action is one which is or has become removable.[2] *See* 28 U.S.C. § 1446(b)(3).

13. Additionally, it is now ascertainable that this action is one which is or has become removal in light of Plaintiff's refusal to stipulate that the amount in controversy in this action is not greater than $5,000,000.00. (*See* Aiwazian Decl., ¶ 45, Exh. RR.) On July 13, 2016, Defendant's counsel requested that Plaintiff stipulate that the amount in controversy in this action is not greater than $5,000,000.00. *Id.* Defendant's counsel requested a response by July 18, 2016. *Id.* To date, Plaintiff has declined to so stipulate. *Id.*

14. Accordingly, Defendant hereby removes this action from the Superior Court of California, County of San Diego within thirty days after receipt

---

[1] Judge Sturgeon sits in Department C-67 of the Superior Court of California, County of San Diego, from which this action is hereby removed.

[2] The allegations set forth in this Notice of Removal are provided for purposes of removal, only. Defendant, in no way, concedes that Plaintiff's allegations are meritorious. Defendant denies that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims and alleged damages at every stage of this case.

of an order or other paper from which it may first be ascertained that this case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

## IV. REMOVAL PURSUANT TO DIVERSITY JURISDICTION

15. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a). As such, removal is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. As set forth, *infra*, this Court has original jurisdiction because the aggregate amount in controversy exceeds $ 75,000 exclusive of interest and costs, the there is complete diversity amongst the parties. 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship Exists

16. In an action brought in accordance with 28 U.S.C. § 1332(a), the named plaintiff and the defendants must be citizens of different states. The citizenship of the putative class members is of no consequence to this diversity analysis. *Snyder v. Harris,* 394 U.S. 332 (1969), *superseded by statute as stated in Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007).

17. For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC,* 652 F.3d 340, 345 (3d Cir. 2011). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)).

18. Plaintiff alleges that he resides, and continues to reside, in San Diego County, California. (Aiwazian Decl., Exh. DD, ¶ 12). Accordingly, Plaintiff is a citizen of California.

19. Defendant is, and was at the time of the filing of this action, a citizen of a state other than California. For purposes of diversity jurisdiction, a limited

1 liability company ("LLC") is a citizen of "every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

20. Defendant is, and was at the time of the inception of this civil action, a citizen of Texas. Defendant's sole owner resides in, and is a citizen of, Texas. (Declaration of Danny Ahmad in Support of Defendant's Notice of Removal ["Ahmad Decl."], ¶ 4). Additionally, Defendant's principal place of business is in Texas, and Defendant's State of formation is Texas. (Ahmad Decl., ¶ 3).

21. Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants shall be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See also Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the inclusion of "Doe" defendants does not deprive this Court of jurisdiction.

**B.     The Amount-in-Controversy Requirement is Satisfied**

22. Diversity jurisdiction may only be exercised where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

23. Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014).

24. Plaintiff prays for "injunctive relief . . . enjoining Defendants from continuing the unlawful, unfair, and deceptive practices . . ." (Aiwazian Decl., Exh. DD, Prayer for Relief, ¶ 4.) In particular, Plaintiff has requested that Defendant "[d]estroy all misleading and deceptive advertising materials and products." (Aiwazian Decl., Exh. DD, Complaint, Exh. A.)

25. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

of the litigation." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002).  In calculating the value of an injunction, the amount in controversy is satisfied if either party can gain or lose the jurisdictional amount.  *See In re Ford Motor Co.,* 264 F.3d 952, 958 (9th Cir. 2001).  Here, the costs to Defendant of complying with *just one type* of injunctive relief requested by Plaintiff would, alone, surpass the $75,000 threshold.

26. Defendant's tobacco products are packaged in tin cans, purchased in bulk, with nicotine content printed directly on the can.  (Declaration of Patrick Biglarians in Support of Defendant's Notice of Removal ["Biglarians Decl."], ¶ 4).  Currently, Defendant's inventory includes 243,561 tin cans already bearing nicotine content that may ultimately be sold to distributors in the State of California.  *Id.*  It would cost Defendant **$ 125,657.68** to replace this form of packaging.  *Id.*

27. Accordingly, the amount in controversy is <u>at least</u> **$ 125,657.68**, *exclusive of all other forms of relief sought by Plaintiff*, including, but not limited to: other types of injunctive relief, "damages"; "restitution and disgorgement of Defendant's ill-gotten gains"; "attorneys' fees, interest, and costs."  (Aiwazian Decl., Exh. DD, Prayer for Relief, ¶¶ 2, 3, 6).  Notably, attorneys' fees are properly considered in the amount in controversy where the underlying statute authorizes an award of fees.  *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013).

## V. <u>REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT</u>

28. Additionally, this Court has original jurisdiction of this action under the CAFA.  As such, removal is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.  As set forth, *infra*, this Court has original jurisdiction because the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, the action is a class action in which at least one class member is a citizen of

1  a state different from that of Defendant, and the number of putative class
2  members is 100 or greater. 28 U.S.C. §§ 1332(d)(2); 1332(d)(5); 1332(d)(6).
3  Further, Defendant is not a State, State official, or other governmental entity.

4      29.    Plaintiff brings the instant action as a class action. The operative
5  complaint is identified as a "**CLASS ACTION**." (*See* Aiwazian Decl., Exh.
6  DD.) Plaintiff seeks to represent a class of "[a]ll California Citizens who
7  purchased, for consumption, Haze's flavored tobacco products since July 27,
8  2011." (Aiwazian Decl., Exhibit DD, ¶ 22.) Accordingly, CAFA applies.

9      **A.**    **Diversity of Citizenship Exists**

10      30.    Plaintiff alleges that he resides, and continues to reside, in San Diego
11  County, California. (Aiwazian Decl., Exh. DD, ¶ 12). Accordingly, Plaintiff is a
12  citizen of California.

13      31.    Defendant is, and was at the time of the filing of this action, a citizen
14  of a state other than California within the meaning of 28 U.S.C. § 1332(d)(10).
15  For purposes of diversity jurisdiction under the CAFA, a limited liability
16  company ("LLC") is a "citizen of the State where it has its principal place of
17  business and the State under whose laws it is organized." 28 U.S.C. §
18  1332(d)(10).

19      32.    Defendant is, and was at the time of the inception of this civil action,
20  a citizen of Texas. Defendant's principal place of business is in Texas. (Ahmad
21  Decl., ¶ 3). Further, Defendant was formed in and under the laws of the State of
22  Texas. *Id.*

23      33.    Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and
24  unknown defendants shall be disregarded for purposes of establishing removal
25  jurisdiction under 28 U.S.C. § 1332. *See also Fristoe v. Reynolds Metals Co.*,
26  615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join
27  in a removal petition). Thus, the inclusion of "Doe" defendants does not deprive
28  this Court of jurisdiction.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### B. The Number of Putative Class Members Exceeds 100

34. Plaintiff seeks to represent a class of "[a]ll California Citizens who purchased, for consumption, Haze's flavored tobacco products since July 27, 2011." (Aiwazian Decl., Exhibit DD, ¶ 22.)

35. Plaintiff alleges "that the proposed Class contains many thousands of members." (Aiwazian Decl., Exhibit DD, ¶ 24.)

36. Upon information and belief, Defendant alleges that the number of putative class members exceeds 100.

### C. The Amount-in-Controversy Requirement is Satisfied

37. CAFA requires that the amount in controversy exceed $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Additionally, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.,* damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005). Further, "if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." *Id.* at 42-43.

38. Although Plaintiff explicitly alleges that "the total amount in controversy is less than $5,000,000.00," the Supreme Court has held that, where there are absent class members, such an allegation or stipulation regarding the amount in controversy is irrelevant for purposes of determining whether CAFA jurisdiction exists. *See Std. Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1350 (U.S. 2013). Further, the Ninth Circuit has held that "the amount-in-controversy

inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).

39.     Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014).

40.     Plaintiff claims that he "saw and relied on Defendant's deceptive label when he purchased the Defendant's Don Fizzle flavored tobacco product." (Aiwazian Decl., Exh. DD, ¶ 3).  Further, Plaintiff alleges that, "[h]ad Plaintiff known the reality of the harm caused by using Defendant's extra potent flavored tobacco, Plaintiff never would have bought the offending product."  *Id.*

41.     Plaintiff prays for damages, "restitution and disgorgement of Defendant's ill-gotten gains to Plaintiff and the proposed Class Members where and when appropriate," as well as "declaratory and injunctive relief."  (Aiwazian Decl., Exh. DD, Prayer for Relief, ¶¶ 2-4).

42.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002).  In calculating the value of an injunction, the amount in controversy is satisfied if either party can gain or lose the jurisdictional amount.  *See In re Ford Motor Co.,* 264 F.3d 952, 958 (9th Cir. 2001).

43.     Plaintiff requests that the Court "direct[] Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement . . ."  (Aiwazian Decl., Exh. DD, Prayer for Relief, ¶ 4).

44.     Plaintiff also requests that, in order to "satisfy the requirements of California Civil Code section 1782(c)," Defendant "[c]onduct a corrective advertising campaign" and "[d]estroy all misleading and deceptive advertising materials and products."  (Aiwazian Decl., Exh. DD, Complaint, Exh. A.).

///

45. Further, Plaintiff prays for "attorneys' fees, interest, and costs." (Aiwazian Decl., Exh. DD, Prayer for Relief, ¶ 6). Notably, attorneys' fees are properly considered in the amount in controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013).

46. Upon information and belief, the amount in controversy in the instant action exceeds $5,000,000 exclusive of interest and costs. (Aiwazian Decl., ¶ 45, Exh. RR.)

## VI. VENUE

47. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(a), 1441, 1446(a), and 84(d). This action was originally brought in the San Diego County Superior Court of the State of California. Therefore, venue is proper in the Southern District because it encompasses the county in which this action was filed and has been pending.

## VII. SERVICE OF THE NOTICE OF REMOVAL

48. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the San Diego County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

## VIII. CONCLUSION

WHEREFORE, Defendant removes this action to the United States District Court for the Southern District of California.

Dated: July 29, 2016                              **LAWYERS *for* JUSTICE, PC**

By: /s/ Ashley H. Cruz
     Ashley H. Cruz
     *Attorneys for* Defendant